UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SURJEET BASSI,

               PLAINTIFF,                   **COMPLAINT**

vs.                                     (Jury trial demanded)

PRESTIGE MOTORS, INC.,

               DEFENDANT.
--------------------------------------------------------x

       By and through his counsel, Michael Sussman, plaintiff complains of defendant as follows:

**PARTIES**

1.  Plaintiff, Surjeet Bassi, is a resident of the County of Orange, State of New York.

2.  Plaintiff Bassi is of legal age, dark-skinned and from the nation of India.

3.  Defendant Prestige Motors, Inc. is a privately held company incorporated in the State of New Jersey.  Defendant's principal place of business is in Bergen County, New Jersey.

**JURISDICTION**

4.  As this matter involves persons residing in different states and the sum in controversy exceeds $75,000, this Honorable Court has jurisdiction pursuant to 28 U.S.C. section 1332(1).

**FACTUAL ALLEGATIONS**

5.  On June 3, 2016, along with a colleague, plaintiff traveled to defendant's business establishment with the intention of purchasing a new car.

6.  Plaintiff and his colleague spent between four and five hours selecting the vehicle, providing bank records establishing plaintiff's credit-worthiness and awaiting delivery of the vehicle plaintiff had selected.

7.  The salesman assisting plaintiff, an employee of the defendant's, requested a $1,000 down-payment on the vehicle which plaintiff charged successfully to his Mastercard.

8.  The salesman assisting plaintiff also directed plaintiff to have his insurance company fax a copy of proof of insurance for plaintiff's new vehicle.

9. Plaintiff's insurance agency did fax said proof of insurance for a 2017 Mercedes Benz model number GLS550 with a vehicle identification number of 4JGDF7DE4HA739534.

10. Following plaintiff's reaching agreement with the sales agent as to the price of his new vehicle, the trade-in value for his then current vehicle and all other particulars of the sale, the sales agent advised plaintiff that his manager wished to speak with him.

11. Said sales manager then commenced conversation with the plaintiff, stating that he could not sell plaintiff an automobile because plaintiff came from a "high risk area" where people buy such cars and export them to the Taliban.

12. Plaintiff explained that he was an East Asian Indian and that he was not related in any way to the Taliban.

13. Defendant's sales manager persisted in his refusal to sell plaintiff the selected vehicle, repeating the same reasoning.

14. Plaintiff suggested that the defendant check his identity against a federally-maintained list of "known exporters of Mercedes Benz" vehicles.

15. Defendant's agents separately entered plaintiff's name, his address and his telephone number in the search engine maintained by this site.

16. Plaintiff's identity, as so measured, came up negative with regard to being an "exporter" of Mercedes Benz.

17. Despite this, the sales manager, acting as an agent for the defendant, refused to close the transaction with plaintiff, refused to sell him the selected vehicle and refused to extend him the credit, $83,000, for which he otherwise was qualified and had been approved by defendant.

18. On the basis of this conduct, defendant refused to close the contract for the sale of the motor vehicle with plaintiff or to extend him credit to facilitate said closing.

19. On account of this experience, plaintiff suffered, and continues to suffer, humiliation and mental anguish and emotional distress.

20. Defendant's action was an instance of racial stereotyping, premised on plaintiff's race and appearance and reflected discrimination in that the same behavior would never have been engaged in had plaintiff been a white citizen of the United States.

21. Defendant's action lacked any neutral or non-discriminatory explanation and evinced a deliberate indifferent to, and a reckless and malicious disregard for, the rights afforded plaintiff under federal law.

22.  By engaging in said action, defendant violated the most basic principles of fair dealing, equity and non-discrimination which have long been established in our nation's laws governing the entering into commercial transactions and the extension of fair credit.

23.  Defendant is a prosperous auto dealership with gross revenues of approximately $30,000,000 annually and more than 100 employees.

24. Defendant advertises broadly in the tri-state area, claiming that it has been serving the tri-state area for over forty-five years.

## CAUSES OF ACTION

25.  Plaintiff incorporates paras. 1-24 herein as if fully repeated.

26. By refusing to contract with plaintiff on the same terms it contracts with and extends credit to white citizens, defendant violated 42 U.S.C. section 1981a and 1981b and engaged in blatant racial discrimination.

27. By refusing to extend plaintiff credit on the basis of his race and or national origin, defendant violated the Equal Credit Opportunity Act, 15 U.S.C. section 1691, et seq.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and decide all issues within its authority, award to him compensatory and punitive damages as permitted by law in the sum of $60,000 and $1,200,000 respectively, order defendant to pay his attorneys fees and reasonable litigation costs pursuant to 42 U.S.C. section 1988 and enter any other and additional relief as may be required by law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]
SUSSMAN & WATKINS
PO BOX 1005
1 RAILROAD AVENUE
GOSHEN, NEW YORK 10924
(845)-294-3991

Counsel for Plaintiff

Dated:  July 5, 2016